UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STOCKHOLDER REPRESENTATIVE COMMITTEE, on behalf of certain former stockholders of Lightship Holding, Inc., <br><br> Plaintiff, <br><br> - against - <br><br> ONE COMMUNICATIONS CORP., as successor in interest to CTC COMMUNICATIONS GROUP, INC., <br><br> Defendant, <br><br> - and – <br><br> MELLON INVESTOR SERVICES LLC, <br><br> Nominal Defendant. | Honorable Laura T. Swain <br><br> 07 Civ 5440 <br><br> **ANSWER OF NOMINAL DEFENDANT MELLON INVESTOR SERVICES, LLC** |

Nominal Defendant MELLON INVESTOR SERVICES, LLC ("Mellon"), by its attorneys Kelley Drye & Warren LLP, as and for its Answer to the Complaint of Stockholder Representative Committee, on behalf of certain former stockholders of Lightship Holding, Inc. ("Plaintiff"), states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. States that the allegations contained in Paragraph 2 state legal conclusions that do not require a response.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that an amount was placed into escrow with Mellon pursuant to the terms of the Escrow Agreement and refers to the contents of the Escrow Agreement for the terms therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. States that the allegations contained in paragraph 7 of the Complaint state conclusions that do not require a response.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except admits that the Escrow Agreement contains certain terms regarding notice and refers to the contents of the Escrow Agreement for the terms therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admits that the Escrow Agreement contains certain terms regarding notice and refers to the contents of the Escrow Agreement for the terms therein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admits that the Escrow

Agreement contains certain terms regarding notice and refers to the contents of the Escrow Agreement for the terms therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except admits that the Escrow Agreement contains certain terms regarding release of funds and refers to the contents of the Escrow Agreement for the terms therein.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admits that Mellon has not released any funds from the Escrow Account.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

NY01/PANAN/1235445.1

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

### AS AND FOR MELLON'S ANSWER TO THE FIRST CAUSE OF ACTION OF THE COMPLAINT

33. Repeats and realleges the responses to the allegations in Paragraphs 1 through 32 of the Complaint as if fully stated herein.

34. States that allegations contained in paragraph 34 of the Complaint are not directed against Mellon so no response is required. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. States that allegations contained in paragraph 35 of the Complaint are not directed against Mellon so no response is required. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. States that allegations contained in paragraph 36 of the Complaint are not directed against Mellon so no response is required. To the extent that a response may be

required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. States that allegations contained in paragraph 37 of the Complaint are not directed against Mellon so no response is required. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

### AS AND FOR MELLON'S ANSWER TO THE SECOND CAUSE OF ACTION OF THE COMPLAINT

38. Repeats and realleges the responses to the allegations in Paragraphs 1 through 37 of the Complaint as if fully stated herein.

39. States that allegations contained in paragraph 39 of the Complaint are not directed against Mellon so no response is required. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. States that allegations contained in paragraph 40 of the Complaint are not directed against Mellon so no response is required. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. States that allegations contained in paragraph 41 of the Complaint are not directed against Mellon so no response is required. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. States that allegations contained in paragraph 42 of the Complaint are not directed against Mellon so no response is required. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

### AS AND FOR MELLON'S ANSWER TO THE THIRD CAUSE OF ACTION OF THE COMPLAINT

43. Repeats and realleges the responses to the allegations in Paragraphs 1 through 42 of the Complaint as if fully stated herein.

44. States that the allegations contained in Paragraph 44 of the Complaint state legal conclusions that do not require a response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. States that the allegations contained in Paragraph 45 of the Complaint state legal conclusions that do not require a response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

### AS AND FOR MELLON'S ANSWER TO THE FOURTH CAUSE OF ACTION OF THE COMPLAINT

46. Repeats and realleges the responses to the allegations in Paragraphs 1 through 45 of the Complaint as if fully stated herein.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, except admits that the Escrow Agreement contain terms and conditions regarding the release of funds and refers to the contents

of the Escrow Agreement for the terms therein. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48.     States that the allegations contained in Paragraph 48 of the Complaint state legal conclusions that do not require a response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and denies all other allegations in paragraph 138 of the Complaint to the extent such allegations are directed against Mellon

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint does not, and does not purport to state, a claim of wrongdoing by Mellon upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Mellon is entitled to, and invokes, the protections of Section 6 of the Escrow Agreement.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Under the Escrow Agreement, Mellon is entitled to reimbursement of its reasonable out of pocket costs and expenses, including without limitation reasonable fees and disbursements of counsel in connection with this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Mellon is entitled to be indemnified by the parties to the Escrow Agreement.

WHEREFORE, Defendant Mellon demands judgment as follows:

(a)     dismissing with prejudice all claims, to the extent any such claims assert wrongdoing against Mellon;

(b)     awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

(c)     granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       September 14, 2007

                                        MELLON INVESTOR SERVICES, LLC


                                        By: /s/ Nicholas J. Panarella
                                            Nicholas J. Panarella
                                        KELLEY DRYE & WARREN LLP
                                        101 Park Avenue
                                        New York, NY 10178
                                        (212) 808-7800

                                        Attorneys for Nominal Defendant
                                        Mellon Investor Services, LLC