KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209
───
(202) 326-7900
FACSIMILE:
(202) 326-7999

January 23, 2008

**VIA ECF and FIRST CLASS MAIL**

Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street, Room 755
New York, New York 10007

    Re:   *In re: One Communications*, Master File No. 07-3905 (LTS)(AJP)

Dear Judge Swain,

    I write on behalf of Verizon New England Inc. ("Verizon") in the above-styled matter to bring to your attention two recent decisions, *Verizon New York Inc. v. Choice One Communications*, Index No. 603280/2006 (N.Y. Sup. Ct. Dec. 20, 2007), and *Global NAPs, Inc. v. Verizon New England Inc.*, Nos. 02-124879 & 05-10079 (RWZ) (D. Mass. Jan. 7, 2008), copies of which are attached. Both of these decisions support Verizon's argument, in opposition to the motions to dismiss, that there is no reason to defer consideration of the interconnection agreement disputes presented in this case to the state commissions.

    In *Choice One*, the defendant moved to dismiss on the ground that Verizon New York was required to bring its breach-of-interconnection-agreement claim before the New York Public Service Commission in the first instance. In denying the motion, in which Choice One (as the J.P. Morgan defendants noted in their motion to dismiss at 40) had raised similar arguments to those the Securities Defendants raise here, the *Choice One* court found that there was no "legal or factual basis for the theory" that the 1996 Act "stripp[ed] th[e] Court of its jurisdiction or, in the alternative, that Verizon must exhaust its remedies before coming to this Court." Slip op. at 6. The *Choice One* court also agreed with Verizon that the dispute resolution provisions in the parties' interconnection agreement must be given effect, regardless of whether an exhaustion requirement, such as that adopted by the Third Circuit in *Core Communications, Inc. v. Verizon*

Honorable Laura Taylor Swain
January 23, 2008
Page 2 of 2

*Pennsylvania Inc.*, 493 F.3d 333 (3d Cir. 2007), would operate by default in the absence of an agreement to the contrary. *See* Slip. op at 17-19.[1]

  Similarly, in *Global NAPs*, the federal district court for the District of Massachusetts denied Global NAPs' motion to dismiss for lack of subject matter jurisdiction, in which Global NAPs relied heavily on the Third Circuit's decision in *Core*. Contrary to the Securities Defendants' contentions here, the Massachusetts district court squarely held that it "has jurisdiction over a contractual claim that on its face implicates one of the [Telecommunications] Act's duties, to pay for traffic exchanged, which is clearly a federal question." Slip op. at 2 (citing *Verizon Maryland, Inc. v. Global NAPs, Inc.*, 377 F.3d 355, 363-64, 368-69 (4th Cir. 2004)). Furthermore, the court agreed with Verizon that the FCC's decision in *Starpower* allows "federal courts [to] exercise concurrent jurisdiction" with the state commissions in "interpretation and enforcement of ICAs." Slip op. at 2-3.

               Sincerely,

               W. David Sarratt
               *Counsel for Verizon New England Inc.*

Attachments

cc: Counsel of Record *via* ECF

---

[1] The attached *Choice One* decision was issued on remand from Judge Scheindlin's order referenced at page 40 of the J.P. Morgan defendants' brief and at pages 7-8 of Verizon's opposition.