# ATTACHMENT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NOS. 02-12489-RWZ, 05-10079-RWZ


GLOBAL NAPS, INC.

v.

VERIZON NEW ENGLAND INC.

v.

GLOBAL NAPS NEW HAMPSHIRE, INC.; GLOBAL NAPS NETWORKS, INC.;
GLOBAL NAPS REALTY, INC.; CHESAPEAKE INVESTMENT SERVICES, INC.;
1120 HANCOCK STREET, INC.; FERROUS MINER HOLDINGS, LTD; and
FRANK GANGI


ORDER

January 7, 2008

ZOBEL, D.J.

Kelley Drye & Warren LLP ("Kelley"), counsel for plaintiff and counterclaim

defendant Global NAPs, Inc. and several other counterclaim defendants, has moved to

withdraw (Docket # 339).  The motion is allowed effective on the appearance of

successor counsel which shall be filed no later than February 1, 2008.  Kelley shall turn

over to these parties or their new counsel all files necessary to conduct the pending

litigation from this point forward.

The several motions to seal papers related to the motion to withdraw (Docket

## 329 and 340) and to file additional papers under seal (Docket ## 336 and 344) are

allowed.

Plaintiff and counterclaim defendants have moved to dismiss the First Amended

Counterclaims for lack of subject matter jurisdiction on the ground that the

Telecommunications Act of 1996, 47 U.S.C. §§ 151 et seq. ("Act"), does not provide for

federal jurisdiction of claims to enforce the terms of the interconnection agreement

("ICA") entered into between the parties because defendant and counterclaim plaintiff

Verizon New England Inc. ("Verizon") did not first present its claims to the

Massachusetts Department of Telecommunications and Energy ("DTE"), the state utility

commission which initially approved the ICA.[1]  (Docket # 308.)  The motion is denied.

This court has jurisdiction over a contractual claim that on its face implicates one of the

Act's duties, to pay for traffic exchanged, which is clearly a federal question.  See

Verizon Maryland, Inc. v. Global NAPs, Inc., 377 F.3d 355, 363-64, 368-69 (4th Cir.

2004).  I am not persuaded that 47 U.S.C. § 252(e)(6) divests the court of its

jurisdiction.[2]  See Starpower Commc'ns, LLC, 15 F.C.C.R. 11277, 11279, 11280 n.14

(2000) (suggesting in dicta that although interpretation and enforcement of ICAs is

---

[1] The First Amended Counterclaims allege breach of the ICA, fraudulent transfer of assets, and alter ego liability.  Federal jurisdiction is premised upon 28 U.S.C. § 1331 and § 1367.  The court previously found that supplemental jurisdiction exists for the state law claims of fraudulent transfer and alter ego liability based upon their relation to the breach of contract claim.  (See May 23, 2007 Order (Docket # 298).) Familiarity with the other facts and procedural history of this litigation is presumed.

[2] Section 252(e)(6) provides in relevant part:

In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section.

47 U.S.C. § 252(e)(6).

within the states' "responsibility" under § 252, federal courts may exercise concurrent jurisdiction); Verizon New York Inc., et al. v. Global NAPs, Inc., et al., Civ. No. 03-05073 (E.D.N.Y. Sept. 20, 2007) (finding federal jurisdiction in similar circumstances and collecting cases where federal courts have found jurisdiction under § 1331 to interpret ICAs in the first instance); but see Core Commc'ns, Inc. v. Verizon Pennsylvania, Inc., 493 F.3d 333 (3d Cir. 2007) (finding that state commissions have exclusive jurisdiction over actions to interpret and enforce ICAs in the first instance).  In any event, even if interpretation of the ICA by the DTE was required prior to assertion of the claim in federal court, Verizon's right to collect access charges for the VNXX calls has already been considered and determined by the DTE.  The parties entered into the current ICA pursuant to an arbitration order by the DTE which was subsequently affirmed by the First Circuit and which spawned this litigation in the first place.  See generally Global NAPs, Inc. v. Verizon New Eng., Inc., 396 F.3d 16 (1st Cir. 2005); Global NAPs, Inc. v. Verizon New Eng., Inc., 444 F.3d 59 (1st Cir. 2006); Global NAPs, Inc v. Verizon New Eng., Inc., 489 F.3d 13 (1st Cir. 2007).

The several motions to stay discovery or for protective orders pending decision on the motion to dismiss (Docket ## 295, 312 and 315) are denied as moot.  However, Verizon shall abstain from insisting on discovery responses until February 1, 2008 or the earlier filing of the appearance by new counsel for plaintiff and counterclaim defendants.

Verizon moved for leave to file Second Amended Counterclaims adding additional reach and apply defendants, and in the same motion requested a temporary

restraining order and preliminary injunction against plaintiff and current and proposed counterclaim defendants to enjoin them from alienating, transferring, encumbering or otherwise diminishing four assets (two properties and two planes) allegedly funded in whole or in part by plaintiff.  (Docket # 299.)  The motion to amend the counterclaims is allowed.  Plaintiff and counterclaim defendants' motion for leave to file an amended reply to the First Amended Counterclaims (Docket # 345) was allowed at the hearing on January 3, 2008.

The court issued a temporary restraining order on May 24, 2007 (Docket # 301). On the parties' agreement, the temporary restraining order has remained in effect since then, effectively converting it into a preliminary injunction.  Moreover, defendant has adequately satisfied the requirements for a preliminary injunction.  The motion for preliminary injunction is therefore allowed.

|  |  |
|---|---|
| January 7, 2008 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |